

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 2, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>INSPIRED HEALTHCARE CAPITAL<br>HOLDINGS, LLC, *et al.*<br><br><br>Debtors. | Chapter 11<br><br>Case No. 26-90004 (MXM)<br><br>(Jointly Administered) |
| INSPIRED HEALTHCARE CAPITAL<br>HOLDINGS, LLC, *et al.*,<br><br>Plaintiffs,<br><br>-against-<br><br>AURORA SECURITIES, *et al.*,<br><br>Defendants. | <br><br><br><br>Adv. Pro. No: 26-09006 |

**ORDER GRANTING 14-DAY EXTENSION OF THE § 362 AUTOMATIC STAY AND**
**ISSUING A TEMPORARY RESTRAINING ORDER UNDER 11 U.S.C. § 105 AND**
**RULE 7065 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE PENDING**
**A FINAL HEARING ON DEBTORS' MOTION TO FURTHER EXTEND THE § 362**
**AUTOMATIC STAY AND/OR ISSUE A PRELIMINARY INJUNCTION**

*[Relates to Adv. ECF No. 3]*

Upon reviewing Plaintiffs' Verified Complaint for Declaratory and Injunctive Relief (the "Complaint") and Plaintiffs' Emergency Motion for Injunctive Relief (the "Motion")[1] of the Debtors requesting relief (a) extending the automatic stay to proceedings against the Non-Debtor Defendants included on Schedule 1 attached to the Complaint and such parties' respective Broker-Dealer Affiliated Persons; and (b) granting related relief, all as more fully set forth in the Complaint; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Complaint having been given under the particular circumstances; and the Court having determined that the legal and factual bases set forth in the Complaint establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the temporary relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and for the reasons stated on the record at the hearing, which are fully incorporated as if fully set forth herein; and sufficient cause appearing therefor. Accordingly,

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Complaint.

2

**IT IS ORDERED, ADJUDGED, AND DECREED that:**

1.        Pursuant to 11 U.S.C. § 105(a) and § 362 and Federal Rules of Civil Procedure 65(b) and 65(d), a hearing is set on July 14, 2026 to consider whether the Court should further extend the § 362 automatic stay and/or issue a preliminary injunction, and in the meantime temporarily extend § 362 automatic stay and issue this temporary restraining order restraining and enjoining all persons and entities who receive actual notice of this Order from:

   a. commencing any new lawsuit, arbitration proceeding (including before FINRA), regulatory proceeding, or any other legal proceeding against any Non-Debtor Defendant arising from or relating to any purchase or sale of Investment Fund Securities or DST Interests issued by the Debtors or their affiliates, or relating to any act or omission of any Non-Debtor Defendant in connection with those offerings;

   b. continuing the prosecution of any Listed Action identified in Schedule 1 of the Complaint against any Non-Debtor Defendant or its respective Broker-Dealer Affiliated Persons, including by filing papers, conducting depositions, seeking or enforcing discovery, seeking defaults, or otherwise advancing those proceedings;

   c. serving any subpoena, deposition notice, discovery demand, or other legal process in connection with any Listed Action that would require the production of documents from, or testimony by, any current or former officer, director, or employee of any Debtor; and

   d. taking any act to obtain possession of, or to exercise control over, property of the Debtors; estates, including the D&O Policies and the proceeds thereof;

pending a hearing on the request to further extend the § 362 automatic stay and/or issuance of a preliminary injunction and further order of this Court.

3

2.      Nothing contained in the Complaint or this Order nor any actions taken pursuant to the relief granted herein is intended or shall be construed as:  (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party-in-interests' rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (d) a promise or requirement to pay any claim or other obligation including a deductible or self-insured retention; (e) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party; or (f) an impairment or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law.

3.      For the avoidance of doubt, nothing in this Order requires FINRA to remove final hearing dates that have been scheduled, nor authorizes broker dealers in arbitration to request the cancelation or postponement of final hearings, pending the hearing on July 14, 2026.

4.      The final hearing on a requested further extension of the § 362 automatic stay and/or the issuance of a preliminary injunction shall be held on **July 14, 2026, at 9:30 a.m. (prevailing Central Time)** located at 501 W. 10th Street, Room 128, Fort Worth, Texas 76102 or via WebEx at https://us-courts.webex.com/meet/mullin.  Any objections or responses to the entry of the proposed Final Order shall be filed with the Court and served electronically via CM/ECF to counsel of record no later 11:59 p.m. (prevailing Central Time) on July 10, 2026.

5.      For the avoidance of doubt, nothing in the Complaint or this Order is intended to or shall be construed as applying to or otherwise enjoining the U.S. Securities and Exchange Commission.

6.      Notice of the Complaint and accompanying memorandum as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and the Complex Case Procedures are satisfied by such notice.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**# # # END OF ORDER # # #**