**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 26-90004 (MXM) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**INTRODUCTION**

Inspired Healthcare Capital Holdings, LLC ("Holdings") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), are filing their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements") with the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes and statement of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to particular Schedules and Statements (the "Specific Notes" and, together with the Global Notes, the "Notes"). These Global Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' management team prepared the Schedules and Statements with the assistance of their advisors, consultants, and professionals and have relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors, consultants, and professionals. Given the scale of the Debtors' businesses, the Debtors' management, including

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

the Debtors Chief Restructuring Officer, M. Benjamin Jones (who has executed the Schedules and Statements of each of the Debtors) has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that were available at the time of preparation. The Debtors and their advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, the receipt or discovery of subsequent information may result in material changes to the Schedules and Statements, and inadvertent errors, omissions, or inaccuracies may exist in the Schedules and Statements.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of the applicable Debtor or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to the Chapter 11 Cases, including, but not limited to, liability for any claims, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by applicable law.

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1. **Description of the Chapter 11 Cases**. Beginning on February 2, 2026 (the "Petition Date"), each Debtor commenced a voluntary case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On February 5, 2026, the Bankruptcy Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b). *See* Docket No. 72. On February 25, 2026, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee"). *See Appointment of the Official Unsecured Creditors' Committee* [Docket No. 161]. To date, no trustee or examiner has been appointed in the Chapter 11 Cases.

2. **Basis of Presentation**. For financial reporting purposes, the Debtors historically have prepared consolidated financial statements, which include financial information for the Debtors and certain non-debtor affiliates. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") in the United States, nor are they intended to be fully reconciled with the financial statements of each Debtor.

The Debtors used their best efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the applicable Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by individual legal entity, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the amount and nature of certain assets and liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time before or after the Petition Date. Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or any time prior to or after the Petition Date.

3. **Reporting Date**. The reported asset values in Schedules A/B, with the exception of estimated cash balances and accounts receivable, reflect the Debtors' asset values as of January 31, 2026 (the "Reporting Date"). Estimated cash balances presented in Schedule A reflect bank balances as of February 2, 2026. Liability values presented in Schedules D/E/F are as of the Petition Date.

4. **Current Net Book Values**. Other than estimated bank cash balances, and unless otherwise noted, the assets and liabilities of each Debtor are listed on the basis of the net book value of the asset or liability in the respective Debtor's accounting books and records.

5. **Confidentiality**. Schedule E/F includes certain unsecured claims against the Debtors including, without limitation, certain claims of former employees as well as certain unsecured claims of current and/or former residents. Due to confidentiality concerns, and as authorized by certain orders entered by the Bankruptcy Court, the Debtors have removed the addresses of the employee claimants and the names and addresses of the resident claimants listed on Schedule E/F.

6. **Consolidated Entity Accounts Payable and Disbursement Systems**. As described in the Cash Management Motion,[2] the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, consolidate, and disburse funds generated by their operations. The Debtors concentrate cash assets into a central account to more effectively manage their businesses and coordinate the payment of outstanding obligations.

   In the ordinary course of business, the Debtors engage in intercompany transactions (the "Intercompany Transactions") with one another, which result in intercompany receivables and payables (the "Intercompany Claims"). Intercompany Transactions are settled by either book entry or by the actual transfer of cash. The Debtors track all Intercompany Transactions in their accounting system, which may be traced and accounted for as needed. Since the Petition Date, the Debtors continue to settle Intercompany Claims in accordance with the procedures outlined in the Cash Management Motion.

7. **Accuracy**. Although the Debtors have made good faith reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary or appropriate.

8. **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, wherever possible, unless otherwise indicated, net book values are presented as of the Reporting Date. When necessary, the Debtors have indicated that the amount of certain assets is "Undetermined." Amounts ultimately realized may vary materially from net book value (or other amounts so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset amounts set forth in the Schedules and Statements.

9. **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars.

---

[2] The "Cash Management Motion" means the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Their Existing Cash Management System and Maintain Their Existing Bank Accounts, (B) Continue to Perform Intercompany Transactions, and (C) Maintain Existing Business Forms and Books and Records; and (II) Granting Related Relief* [Docket No. 11].



GN DEFENDANTS EXHIBIT 1

10. **Payment of Prepetition Claims Pursuant to First Day Orders**. Following the Petition Date, the Bankruptcy Court entered various orders (the "First Day Orders") authorizing, but not directing, the Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance, surety, and letter of credit obligations; (iii) refund program obligations; (iv) employee wages, salaries, and related items (including, employee benefit programs, staffing agency payments, and independent contractor obligations); (v) obligations owed to third-party managers; and (vi) taxes and assessments. Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Petition Date. The Debtors reserve the right to amend the Schedules and Statements to reflect payments made pursuant to the First Day Orders that may not be represented in the attached Schedules and Statements.

11. **Other Paid Claims**. To the extent the Debtors reach any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval if necessary. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

12. **Causes of Action**. Despite making reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") it may have, and neither these Global Notes nor the Schedules and Schedules shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

13. **Setoffs**. The Debtors routinely incur setoffs from payors and suppliers in the ordinary course of business. Such ordinary course setoffs can arise from various items including, but not limited to, billing discrepancies, refund programs, returns,



GN DEFENDANTS EXHIBIT 1

promotional funding, warranties, refunds, certain intercompany transactions, and other disputes between the Debtors and their payors and/or suppliers. These routine setoffs are consistent with ordinary course practice in the Debtors' industry, and, therefore, can be particularly voluminous, unduly burdensome, and costly for the Debtors to regularly document. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and, as such, are excluded from the Schedules and Statements.

14. **Accounts Receivable**. The accounts receivable information listed on the Schedules includes receivables from the Debtors' residents and third-party payors and is presented on a gross basis and is segmented into aging groups of over and under 90 days based on calculated apportionment factors. Certain Debtors may show negative accounts receivable amounts due to reconciliation and consolidation of multiple business unit entries under certain Debtors in the company books and records.

15. **Interest Income**. The Statements show both negative and positive amounts with respect to interest income as a result of variations in profitability of certain service lines owned by Debtors, with profits cancelled out in consolidation.

16. **Reservation of Rights**. Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to the Chapter 11 Cases, including, but not limited to, the following:

a. Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

b. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

c. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

d. The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

e. The listing of a claim on Schedule D as "secured" or on Schedule E/F as "priority unsecured," or the listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in any order by the Bankruptcy Court that is or becomes final, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

f. In the ordinary course of their business, the Debtors lease property and equipment from certain third-party lessors for use in the daily operation of their business. Any such leases are set forth on Schedule G, and any current amounts due under such leases that were outstanding as of the Petition Date are listed on Schedule E/F. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including, the recharacterization thereof. For the avoidance of doubt, The Debtors reserve all rights to assert that the ownership and characterization of any real property, including real property scheduled with DSTs, is subject to recharacterization, and the inclusion of such real property in the Schedules shall not constitute an admission or waiver of any such arguments.

g. In the ordinary course of their business, certain third-party managers on behalf of the Debtors. Any such leases are set forth on Schedule G, and any current amounts due under such leases that were outstanding as of the Petition Date are listed on Schedule E/F. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to whether such contracts are Debtor contracts and the Debtors reserve all rights with respect to any of such issues.

h. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

i. The Debtors' businesses are part of a complex enterprise. Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

j. The Debtors further reserve all of their rights, claims, and Causes of Action with respect to the contracts and leases listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

k. The Debtors exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in their secured financings, debt instruments, and other agreements. However, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing. Where such Guarantees have been identified, they are included in the relevant Schedules and Statements. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements inadvertently may have been omitted. The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings and debt instruments on Schedule H. Guarantees with respect to the Debtors' executory contracts and unexpired leases are not included on Schedule H and the Debtors believe that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financing, debt instruments, and similar agreements may exist and, to the extent they do, will be identified upon further review. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.

l. Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and



**GN DEFENDANTS EXHIBIT 1**

enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of Bankruptcy Code section 365, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of Bankruptcy Code section 365.

m. Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

17. **Totals**. Totals in the Schedules and Statements include dollar amounts, "Undetermined" amounts and, in certain instances, dollar amounts and "Undetermined" amounts.. If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals. Where a claim or other amount is marked as "unliquidated," but the Debtors also report a dollar value, such dollar value may indicate only the known or determined amount of such claim or amount, the balance of which is unliquidated.

18. **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE SCHEDULES

**Schedules A/B**

**Part 1**. As set forth more fully in the Cash Management Motion, the Company uses an integrated cash management system to pay its financial obligations, centrally control and monitor available cash and record accurate financial data. The Debtors' cash management system comprises approximately 320 bank accounts (the "Bank Accounts"). Further details with respect to the cash management system are provided in the Cash Management Motion. Balances are as of February 2, 2026.

**Part 2**. The Debtors maintain certain deposits in the conduct of their business operations. These deposits are included in the Schedules for the appropriate legal entity. Types of deposits include, among other things, lease deposits, utility deposits, security deposits and vendor deposits along with "Other Deposits" as booked on the Debtors' financial statements. Certain prepaid or amortized assets are listed in Part 2 in accordance with the Debtors' books and records. The amounts listed in Part 2 do not necessarily reflect assets that the Debtors will be able to collect or realize. These amounts listed in Part 2 include, among other things, prepaid insurance, prepaid

property taxes, prepaid leases, prepaid benefits, prepaid expenses, and other prepaid items as booked on the Debtors' financial statements.

**Part 3**. The accounts receivable balances in this section exclude intercompany related receivables. Intercompany related receivables are instead shown in the response to Part 11, Question 77.

**Part 7 & 8**. The Debtors have used net book value as of January 31, 2026 for reporting its assets. There have been no valuations on any of such assets. The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

**Part 11**. The Debtors have included a consolidated list of insurance policies maintained across the debtor entities, though such policies may or may not be applicable to each Debtor.

**Part 12**. The Debtors have reported the intercompany balances between Debtors as assets on Schedule A/B or as liabilities on Schedule E/F, respectively.

**Schedule D**. Reference to the applicable loan agreements and related documents or other instrument creating the purported lien is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, mechanics liens, and other parties that may hold security deposits have not been listed on Schedule D.

**Schedules E/F**. The claims listed on Schedules E/F arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, no such dates are included for each claim listed on Schedules E/F. To the best of the Debtors' knowledge, all claims listed on Schedules E/F arose or were incurred before the Petition Date.

**Part 1**. Claims owing to various taxing authorities to which the Debtors potentially may be liable, and which the Debtors have received notice of liability from such taxing authorities, are reported on Part 1. Such claims are split out and scheduled at specific Debtor entities. Certain of such claims, however, may be subject to ongoing audits and/or the claims will be satisfied in the ordinary course during the Chapter 11 Cases pursuant to authority granted to the Debtors in the relevant First Day Orders. Therefore, the Debtors have listed all such claims as "unliquidated" and "disputed" pending final resolution of ongoing audits or other outstanding issues. Inclusion or exclusion of a taxing authority on Part 1 does not mean that such taxing authority has a claim against the Debtors; rather, such taxing authorities are being scheduled out of an abundance of caution, given the numerous jurisdictions and number of Debtors involved in these Chapter 11 Cases. To the extent the amount of tax claims listed on the Debtors' Schedules differs from amounts represented in pleadings filed on the Petition Date in these Chapter 11 Cases, the amounts listed on the Schedules shall govern as prior represented amounts were deemed to relate to non-Debtor entities.

**Part 2**. The liabilities listed on Part 2 include all trade payables, litigation claims, unsecured notes, and intercompany payables. The trade payable amounts were calculated by taking the sum of all

invoices per Debtor and per vendor. The Debtors have exercised their reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule. As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed for a complete understanding of the unsecured claims against the Debtors.

The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, the Debtors reserve their right to dispute or challenge any priority asserted with respect to any liabilities listed on Schedule E/F. The Debtors have made reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, trade creditors, landlords, utility companies, consultants, and other service providers. The Debtors, however, believe that there may be instances where creditors have yet to provide invoices for prepetition goods or services.

Part 2 contains information regarding pending litigation involving the Debtors. To the extent that litigation involving a particular Debtor has been identified, such information is included on that Debtor's Schedule E/F. Unknown amounts for potential claims are listed as "Undetermined" and marked as contingent, unliquidated, and disputed in the Schedules.

Individual investor promissory notes have been scheduled on a consolidated basis by investment fund and are not listed by investor.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs or recoupments with respect to same.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain unsecured claims pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date. Certain Debtors may pay additional claims listed on Schedule E/F during the Chapter 11 Cases pursuant to the First Day Orders and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

**Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements"), the Debtors' review process of the Agreements is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments,

restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements which may not be listed on Schedule G.

Executory contracts for short-term service orders that are oral in nature have not been included in Schedule G.

Any and all of the Debtors' rights, claims, and Causes of Action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G, and (iii) amend or supplement such Schedule as necessary.

Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement.

Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors by a third-party manager. At times, third-party managers may also enter into certain Agreements directly with other contract counterparties. The Debtors have made good-faith, reasonable efforts to list on Schedule G only those Agreements to which a Debtor is a party; however, due to the volume of Agreements and the manner in which certain Agreements are entered into or administered by third-party managers, Schedule G may include Agreements to which only a third-party manager, and not a Debtor, is a party thereto.

Resident agreements have not been included in the Statements for privacy reasons.

**Schedule H**. The Debtors are party to various debt agreements which were executed by multiple Debtors. The guaranty obligations under prepetition secured credit agreements are noted on Schedule H for each individual Debtor. The Debtors may not have identified on Schedule H certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors. Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedule E/F or Schedule G for the respective Debtors subject to such debt. To the extent these Notes include notes specific to Schedules D-G, such Notes also apply to the co-Debtors listed in Schedule H. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE STATEMENTS

**Statement 3**. As described in the Cash Management Motion, the Debtors utilize their integrated, centralized cash management system to collect, concentrate, and disburse funds generated by their operations. For the avoidance of doubt, Statement 3 includes ordinary course payments made to third-party managers.

The response to Statement 3 excludes (i) payments made as part of regular and ordinary course payroll disbursements to employees and (ii) disbursements or transfers listed on Statements 4 and 11. Amounts owed to creditors will appear on the Schedules for each Debtor, as applicable.

All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on Statement 11 and are excluded from Statement 3.

To the extent a disbursement was made to pay for multiple invoices on a given day, only one entry has been listed on Statement 3.

**Statement 4**. For purposes of the Schedules and Statements, the Debtors define "insiders" as (i) officers, directors, and anyone in control of a corporate Debtor and their relatives; and (ii) affiliates of the Debtors and insiders of such affiliates. Individuals listed in the Statements as insiders have been included for informational purposes only. The payroll-related amounts shown in response to this question for any salary, bonus, or additional compensation are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings. The Debtors also issue corporate-paid credit cards and reimburse expenses incurred by insiders. Such expenses also are included in Statement 4. Home addresses for current and former directors, employees identified as insiders have not been included in the Statements for privacy reasons.

From time to time, the Debtors may have jointly obtained legal representation with certain insiders. Out of an abundance of caution, any fees or expenses jointly incurred by the Debtors and such insiders have been disclosed in Statement 4.

Pursuant to the Debtors' cash management system, payments made to various parties may be made from a single Debtor on behalf of one or more Debtor entities. The Debtors have only listed each payment on the response to Statement 4 for the Debtor entity that disbursed the payment.

**Statement 7**. Information provided on Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. While the Debtors believe they were diligent in their efforts, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to Statement 7. The Debtors reserve all of their rights to amend or supplement their response to Statement 7.

**Statement 11**. Although the services of any entity who provided a Debtor with consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date were provided for the benefit of all the Debtors and are therefore listed in response to Statement 11.



**GN DEFENDANTS EXHIBIT 1**

Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

**Statement 15**. "Yes" is checked for the currently operating communities and an estimate of beds located at each community as of the Petition Date is provided. Subject to the Debtors' privacy policy, in the ordinary course of business, the Debtors collect certain resident information and retain such information as long as is necessary for the Debtors to comply with business, tax, regulatory, and legal requirements. Resident records are maintained at the community level..

**Statement 16**. An abbreviated list of the types of information collected from each community was provided for each of the communities, while "No" was checked for all other entities. Subject to the Debtors' privacy policy, in the ordinary course of business, the Debtors collect certain resident information and retain such information as long as is necessary for the Debtors to comply with business, tax, and legal requirements. Resident records are maintained at each community..

**Statement 20**. In certain cases, third party vendors have access to the off-premises storage facilities.

**Statement 25**. Certain Debtor entities have not been assigned, or do not currently maintain, separate employer identification numbers ("EINs") may be unavailable. In such cases, the Debtors have made reasonable, good-faith efforts to provide the information available to them as of the Petition Date.

**Statement 26d**. The Debtors have provided financial statements in the ordinary course of their businesses to various customers, financial institutions, creditors, landlords, and other parties within the two years before the Petition Date. Considering the voluminous number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of **Statement 26d**.

**Statement 28 & 29**. Shortly after the Petition Date, Luke Lee was retroactively terminated as the Chief Executive Officer.

**Statement 30**. Any and all known disbursements to "insiders" have been listed in response to Statement 4.

**Statement 31**. Certain Debtor limited liability companies (each, an "LLC") are either disregarded for tax purposes or single member LLC's. Income generated by a LLC is consolidated at a higher reporting unit level, that reporting unit being a non-debtor itself.

*****END OF GLOBAL NOTES*****

****SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE****



GN DEFENDANTS EXHIBIT 1

Fill in this information to identify the case:

Debtor name Inspired Healthcare Capital Holdings, LLC

United States Bankruptcy Court for the: Northern District of Texas

Case number (If known): 26-90004

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

1. ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** Copy line 88 from *Schedule A/B* | $ 0.00 |
| 1b. **Total personal property:** Copy line 91A from *Schedule A/B* | $ 11,070,069.58 + Undetermined |
| 1c. **Total of all property:** Copy line 92 from *Schedule A/B* | $ 11,070,069.58 + Undetermined |

## Part 2: Summary of Liabilities

| | |
|---|---|
| 2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D) Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* | $ 243,527,048.06 + Undetermined |
| 3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F) | |
| 3a. **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of *Schedule E/F* | $ 0.00 |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* | + $ 142,275,702.79 |
| 4. **Total liabilities** Lines 2 + 3a + 3b | $ 385,802,750.85 + Undetermined |



**GN DEFENDANTS EXHIBIT 1**

Fill in this information to identify the case:

Debtor name: Inspired Healthcare Capital Holdings, LLC

United States Bankruptcy Court for the: Northern District of Texas

Case number (If known): 26-90004

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor** — **Current value of debtor's interest**

2. **Cash on hand** $ 0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. See Exhibit A/B P1, Q3 | | | $ 59,172.07 |
| 3.2. | | | $ |

4. **Other cash equivalents** *(Identify all)*

4.1. ______ $
4.2. ______ $

5. **Total of Part 1** $ 59,172.07

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

7.1. ______ $
7.2. ______ $



GN DEFENDANTS EXHIBIT 1

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1.______ $______
8.2.______ $______

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81. $______

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**
- ☑ No. Go to Part 4.
- ☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

11a. 90 days old or less: ______ face amount – ______ doubtful or uncollectible accounts = ........➔ $______

11b. Over 90 days old: ______ face amount – ______ doubtful or uncollectible accounts = ........➔ $______

12. **Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82. $______

## Part 4: Investments

13. **Does the debtor own any investments?**
- ☐ No. Go to Part 5.
- ☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1. | | $ |
| 14.2. | | $ |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity: / % of ownership: | | |
| 15.1. See Exhibit A/B P4, Q15 ____% | | $ Undetermined |
| 15.2. ____% | | $ |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| 16.1. | | $ |
| 16.2. | | $ |

17. **Total of Part 4**
Add lines 14 through 16. Copy the total to line 83. $ 0.00 + Undetermined



**GN DEFENDANTS EXHIBIT 1**

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**
   - ☑ No. Go to Part 6.
   - ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| | MM / DD / YYYY | $ | | $ |
| 20. **Work in progress** | | | | |
| | MM / DD / YYYY | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | | | |
| | MM / DD / YYYY | $ | | $ |
| 22. **Other inventory or supplies** | | | | |
| | MM / DD / YYYY | $ | | $ |

23. **Total of Part 5** $
   Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**
   - ☑ No
   - ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
   - ☑ No
   - ☐ Yes. Book value ________ Valuation method________ Current value________

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
   - ☑ No
   - ☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
   - ☑ No. Go to Part 7.
   - ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| | $ | | $ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| | $ | | $ |



**GN DEFENDANTS EXHIBIT 1**

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. $__________

34. **Is the debtor a member of an agricultural cooperative?**
- ☑ No
- ☐ Yes. Is any of the debtor's property stored at the cooperative?
  - ☐ No
  - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ☑ No
- ☐ Yes. Book value $__________ Valuation method __________ Current value $__________

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
- ☑ No
- ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**
- ☑ No. Go to Part 8.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| __________ | $__________ | __________ | $__________ |
| 40. **Office fixtures** | | | |
| __________ | $__________ | __________ | $__________ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| __________ | $__________ | __________ | $__________ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1__________ | $__________ | __________ | $__________ |
| 42.2__________ | $__________ | __________ | $__________ |
| 42.3__________ | $__________ | __________ | $__________ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. $__________

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
- ☑ No
- ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes



**GN DEFENDANTS EXHIBIT 1**

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

- ☑ No. Go to Part 9.
- ☐ Yes. Fill in the information below.

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |
| **49. Aircraft and accessories** | | | |
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. $

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

- ☑ No
- ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

- ☑ No
- ☐ Yes



GN DEFENDANTS EXHIBIT 1

## Part 9: Real property

54. **Does the debtor own or lease any real property?**
- ☑ No. Go to Part 10.
- ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. $

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
- ☐ No
- ☑ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
- ☐ No
- ☑ Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**
- ☐ No. Go to Part 11.
- ☑ Yes. Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** See Exhibit A/B P10, Q60 | $ | | $ Undetermined |
| 61. **Internet domain names and websites** See Exhibit A/B P10, Q61 | $ | | $ Undetermined |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. $ 0.00 + Undetermined



**GN DEFENDANTS EXHIBIT 1**

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

- ☑ No
- ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

- ☐ No
- ☑ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

- ☑ No
- ☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ☐ No. Go to Part 12.
- ☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)

| Description | Total face amount | | doubtful or uncollectible amount | | Current value of debtor's interest |
|---|---|---|---|---|---|
| See Exhibit A/B P11, Q71 | $1,500,000.00 | – | $0.00 | = ➔ | $ 1,500,000.00 |

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| Description | Tax year | Current value |
|---|---|---|
| | Tax year | $ |
| | Tax year | $ |
| | Tax year | $ |

73. **Interests in insurance policies or annuities**

See Exhibit A/B P11, Q73 — $ Undetermined

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

$

**Nature of claim**

**Amount requested** $

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

See Exhibit A/B P11, Q75 — $ Undetermined

**Nature of claim**

**Amount requested** $

76. **Trusts, equitable or future interests in property**

$

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

See Exhibit A/B P11, Q77 — $ 9,510,897.51

$

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90. — $ 11,010,897.51 + Undetermined

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

- ☑ No
- ☐ Yes



**GN DEFENDANTS EXHIBIT 1**

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 59,172.07 | | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 + Undetermined | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | | |
| 88. **Real property.** *Copy line 56, Part 9.* . .......... ➔ | | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 + Undetermined | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 11,010,897.51 + Undetermined | | |
| 91. **Total.** Add lines 80 through 90 for each column. .......... 91a. | $ 11,070,069.58 + Undetermined | + 91b. | $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. .......... $ 11,070,069.58 + Undetermined



**GN DEFENDANTS EXHIBIT 1**

Fill in this information to identify the case:

Debtor name Inspired Healthcare Capital Holdings, LLC

United States Bankruptcy Court for the: Northern District of Texas

Case number (If known): 26-90004

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A* **Amount of claim** Do not deduct the value of collateral.

*Column B* **Value of collateral that supports this claim**

**2.1 Creditor's name** See Exhibit D, P1

**Describe debtor's property that is subject to a lien** ______ $______ $______

**Creditor's mailing address** ______

**Describe the lien** ______

**Creditor's email address, if known** ______

**Is the creditor an insider or related party?**
- ☐ No
- ☐ Yes

**Date debt was incurred** ______

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
- ☐ No
- ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
- ☐ No
- ☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**2.2 Creditor's name** ______

**Describe debtor's property that is subject to a lien** ______ $______ $______

**Creditor's mailing address** ______

**Describe the lien** ______

**Creditor's email address, if known** ______

**Is the creditor an insider or related party?**
- ☐ No
- ☐ Yes

**Date debt was incurred** ______

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
- ☐ No
- ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
- ☐ No
- ☐ Yes. Have you already specified the relative priority?
  - ☐ No. Specify each creditor, including this creditor, and its relative priority.
  - ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $ 243,527,048.06 + Undetermined



GN DEFENDANTS EXHIBIT 1

Fill in this information to identify the case:

Debtor name Inspired Healthcare Capital Holdings, LLC

United States Bankruptcy Court for the: Northern District of Texas

Case number (If known): 26-90004

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☐ No. Go to Part 2.
   - ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

**2.1 Priority creditor's name and mailing address**
See Exhibit E, P1

**As of the petition filing date, the claim is:** $______ $______
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**2.2 Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:** $______ $______
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**2.3 Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:** $______ $______
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)



GN DEFENDANTS EXHIBIT 1

Debtor Inspired Healthcare Capital Holdings, LLC Case number (*if known*) 26-90004
Name

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1 Nonpriority creditor's name and mailing address**
See Exhibit F, P2

**As of the petition filing date, the claim is:** *Check all that apply.*
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

**Basis for the claim:** ____

$____

**Date or dates debt was incurred** ____
**Last 4 digits of account number** ____

**Is the claim subject to offset?**
- ❑ No
- ❑ Yes

**3.2 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

**Basis for the claim:** ____

$____

**Date or dates debt was incurred** ____
**Last 4 digits of account number** ____

**Is the claim subject to offset?**
- ❑ No
- ❑ Yes

**3.3 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

**Basis for the claim:** ____

$____

**Date or dates debt was incurred** ____
**Last 4 digits of account number** ____

**Is the claim subject to offset?**
- ❑ No
- ❑ Yes

**3.4 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

**Basis for the claim:** ____

$____

**Date or dates debt was incurred** ____
**Last 4 digits of account number** ____

**Is the claim subject to offset?**
- ❑ No
- ❑ Yes

**3.5 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

**Basis for the claim:** ____

$____

**Date or dates debt was incurred** ____
**Last 4 digits of account number** ____

**Is the claim subject to offset?**
- ❑ No
- ❑ Yes

**3.6 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

**Basis for the claim:** ____

$____

**Date or dates debt was incurred** ____
**Last 4 digits of account number** ____

**Is the claim subject to offset?**
- ❑ No
- ❑ Yes



**GN DEFENDANTS EXHIBIT 1**

**Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | | $ 0.00 + Undetermined |
| 5b. **Total claims from Part 2** | 5b. | + | $ 142,275,702.79 + Undetermined |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | | $ 142,275,702.79 + Undetermined |



**GN DEFENDANTS EXHIBIT 1**

Fill in this information to identify the case:

Debtor name Inspired Healthcare Capital Holdings, LLC

United States Bankruptcy Court for the: Northern District of Texas

Case number (If known): 26-90004 Chapter: 11

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   - ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | See Exhibit G | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |



GN DEFENDANTS EXHIBIT 1

Fill in this information to identify the case:

Debtor name Inspired Healthcare Capital Holdings, LLC

United States Bankruptcy Court for the: Northern District of Texas

Case number (If known): 26-90004

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**
   - ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   - ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | See Exhibit H | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |



GN DEFENDANTS EXHIBIT 1

Fill in this information to identify the case and this filing:

Debtor name Inspired Healthcare Capital Holdings, LLC

United States Bankruptcy Court for the: Northern District of Texas

Case number (If known): 26-90004

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration____________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/25/2026
MM / DD / YYYY

✘ /s/ M. Benjamin Jones
Signature of individual signing on behalf of debtor

M. Benjamin Jones
Printed name

Chief Restructuring Officer
Position or relationship to debtor



**GN DEFENDANTS EXHIBIT 1**

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P1, Q3 - ACCOUNTS

| | Institution | Account Type | Last 4 | Value ($) |
|---|---|---|---|---|
| 3.1 | Western Alliance Bank | Operating | x5525 | 31,701.73 |
| 3.2 | Western Alliance Bank | Operating | x4862 | 27,470.34 |
| | | | **Total** | **59,172.07** |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P4, Q15 - NON-PUBLICLY TRADED STOCK AND INTERESTS

| | Entity Name | Ownership % | Valuation Method | Value ($) |
|---|---|---|---|---|
| 15.1 | Cre8tive Holdings, LLC | 100% | N/A | Undetermined |
| 15.2 | Creswell Senior Living, LLC | 100% | N/A | Undetermined |
| 15.3 | IHC - Ashbrook MT, LLC | 100% | N/A | Undetermined |
| 15.4 | IHC - Ashbrook ST, LLC | 100% | N/A | Undetermined |
| 15.5 | IHC - Candle Light Cove MT, LLC | 100% | N/A | Undetermined |
| 15.6 | IHC - Candle Light Cove ST, LLC | 100% | N/A | Undetermined |
| 15.7 | IHC - Hanover Propco, LLC | 100% | N/A | Undetermined |
| 15.8 | IHC – Harmony OpCo, LLC | 100% | N/A | Undetermined |
| 15.9 | IHC – Harmony PropCo, LLC | 100% | N/A | Undetermined |
| 15.10 | IHC-Augusta II Propco, LLC | 100% | N/A | Undetermined |
| 15.11 | IHC-BI Holdings, LLC | 100% | N/A | Undetermined |
| 15.12 | IHC-Cinnaminson Urban Renewal MT, LLC | 100% | N/A | Undetermined |
| 15.13 | IHC-Peachtree MT, LLC | 100% | N/A | Undetermined |
| 15.14 | IHC-Peachtree ST, LLC | 100% | N/A | Undetermined |
| 15.15 | Innov8tion Holdings, LLC | 100% | N/A | Undetermined |
| 15.16 | Inspired Care Homes, LLC | 100% | N/A | Undetermined |
| 15.17 | Inspired Healthcare Capital Fund Services, LLC | 100% | N/A | Undetermined |
| 15.18 | Inspired Senior Living of Appleton MT, LLC | 100% | N/A | Undetermined |
| 15.19 | Inspired Senior Living of Appleton ST, LLC | 100% | N/A | Undetermined |
| 15.20 | Inspired Senior Living of Arlington Heights MT, LLC | 100% | N/A | Undetermined |
| 15.21 | Inspired Senior Living of Arlington Heights ST, LLC | 100% | N/A | Undetermined |
| 15.22 | Inspired Senior Living of Athens MT, LLC | 100% | N/A | Undetermined |
| 15.23 | Inspired Senior Living of Athens ST, LLC | 100% | N/A | Undetermined |
| 15.24 | Inspired Senior Living of Augusta MT, LLC | 100% | N/A | Undetermined |
| 15.25 | Inspired Senior Living of Augusta ST, LLC | 100% | N/A | Undetermined |
| 15.26 | Inspired Senior Living of Beaverton Depositor, LLC | 100% | N/A | Undetermined |
| 15.27 | Inspired Senior Living of Beaverton MT, LLC | 100% | N/A | Undetermined |
| 15.28 | Inspired Senior Living of Beaverton ST, LLC | 100% | N/A | Undetermined |
| 15.29 | Inspired Senior Living of Brookhaven MT, LLC | 100% | N/A | Undetermined |
| 15.30 | Inspired Senior Living of Brookhaven ST, LLC | 100% | N/A | Undetermined |
| 15.31 | Inspired Senior Living of Carson Valley MT, LLC | 100% | N/A | Undetermined |
| 15.32 | Inspired Senior Living of Carson Valley ST, LLC | 100% | N/A | Undetermined |
| 15.33 | Inspired Senior Living of Chesterfield MT, LLC | 100% | N/A | Undetermined |
| 15.34 | Inspired Senior Living of Chesterfield ST, LLC | 100% | N/A | Undetermined |
| 15.35 | Inspired Senior Living of Cinnaminson Depositor, LLC | 100% | N/A | Undetermined |
| 15.36 | Inspired Senior Living of Cinnaminson ST, LLC | 100% | N/A | Undetermined |
| 15.37 | Inspired Senior Living of Creswell Development, LLC | 98.52% | N/A | Undetermined |
| 15.38 | Inspired Senior Living of Dartmouth MT, LLC | 100% | N/A | Undetermined |
| 15.39 | Inspired Senior Living of Dartmouth ST, LLC | 100% | N/A | Undetermined |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P4, Q15 - NON-PUBLICLY TRADED STOCK AND INTERESTS

| | Entity Name | Ownership % | Valuation Method | Value ($) |
|---|---|---|---|---|
| 15.40 | Inspired Senior Living of Delray Beach MT, LLC | 100% | N/A | Undetermined |
| 15.41 | Inspired Senior Living of Delray Beach ST, LLC | 100% | N/A | Undetermined |
| 15.42 | Inspired Senior Living of Dunedin MT, LLC | 100% | N/A | Undetermined |
| 15.43 | Inspired Senior Living of Dunedin ST, LLC | 100% | N/A | Undetermined |
| 15.44 | Inspired Senior Living of Eatonton Depositor LLC | 100% | N/A | Undetermined |
| 15.45 | Inspired Senior Living of Eatonton MT, LLC | 100% | N/A | Undetermined |
| 15.46 | Inspired Senior Living of Eatonton ST, LLC | 100% | N/A | Undetermined |
| 15.47 | Inspired Senior Living of Eugene MT, LLC | 100% | N/A | Undetermined |
| 15.48 | Inspired Senior Living of Eugene ST, LLC | 100% | N/A | Undetermined |
| 15.49 | Inspired Senior Living of Fort Myers MT, LLC | 100% | N/A | Undetermined |
| 15.50 | Inspired Senior Living of Fort Myers ST, LLC | 100% | N/A | Undetermined |
| 15.51 | Inspired Senior Living of Grapevine MT, LLC | 100% | N/A | Undetermined |
| 15.52 | Inspired Senior Living of Grapevine ST, LLC | 100% | N/A | Undetermined |
| 15.53 | Inspired Senior Living of Hamilton MT, LLC | 100% | N/A | Undetermined |
| 15.54 | Inspired Senior Living of Hamilton ST, LLC | 100% | N/A | Undetermined |
| 15.55 | Inspired Senior Living of Hanover, LLC | 100% | N/A | Undetermined |
| 15.56 | Inspired Senior Living of Kennewick Depositor LLC | 100% | N/A | Undetermined |
| 15.57 | Inspired Senior Living of Kennewick MT LLC | 100% | N/A | Undetermined |
| 15.58 | Inspired Senior Living of Kennewick ST LLC | 100% | N/A | Undetermined |
| 15.59 | Inspired Senior Living of Lake Orion MT, LLC | 100% | N/A | Undetermined |
| 15.60 | Inspired Senior Living of Lake Orion ST, LLC | 100% | N/A | Undetermined |
| 15.61 | Inspired Senior Living of Largo MT, LLC | 100% | N/A | Undetermined |
| 15.62 | Inspired Senior Living of Largo ST, LLC | 100% | N/A | Undetermined |
| 15.63 | Inspired Senior Living of Las Vegas MT, LLC | 100% | N/A | Undetermined |
| 15.64 | Inspired Senior Living of Las Vegas ST, LLC | 100% | N/A | Undetermined |
| 15.65 | Inspired Senior Living of Melbourne MT, LLC | 100% | N/A | Undetermined |
| 15.66 | Inspired Senior Living of Melbourne ST, LLC | 100% | N/A | Undetermined |
| 15.67 | Inspired Senior Living of Mequon MT, LLC | 100% | N/A | Undetermined |
| 15.68 | Inspired Senior Living of Mequon ST, LLC | 100% | N/A | Undetermined |
| 15.69 | Inspired Senior Living of Naperville MT, LLC | 100% | N/A | Undetermined |
| 15.70 | Inspired Senior Living of Naperville ST, LLC | 100% | N/A | Undetermined |
| 15.71 | Inspired Senior Living of New Braunfels MT, LLC | 100% | N/A | Undetermined |
| 15.72 | Inspired Senior Living of New Braunfels ST, LLC | 100% | N/A | Undetermined |
| 15.73 | Inspired Senior Living of North Haven MT, LLC | 100% | N/A | Undetermined |
| 15.74 | Inspired Senior Living of North Haven ST, LLC | 100% | N/A | Undetermined |
| 15.75 | Inspired Senior Living of Payson Development, LLC | 100% | N/A | Undetermined |
| 15.76 | Inspired Senior Living of Pinellas Park MT, LLC | 100% | N/A | Undetermined |
| 15.77 | Inspired Senior Living of Pinellas Park ST, LLC | 100% | N/A | Undetermined |
| 15.78 | Inspired Senior Living of Reno MT, LLC | 100% | N/A | Undetermined |

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P4, Q15 - NON-PUBLICLY TRADED STOCK AND INTERESTS

| | Entity Name | Ownership % | Valuation Method | Value ($) |
|---|---|---|---|---|
| 15.79 | Inspired Senior Living of Reno ST, LLC | 100% | N/A | Undetermined |
| 15.80 | Inspired Senior Living of Round Rock MT, LLC | 100% | N/A | Undetermined |
| 15.81 | Inspired Senior Living of Round Rock ST, LLC | 100% | N/A | Undetermined |
| 15.82 | Inspired Senior Living of San Marcos MT, LLC | 100% | N/A | Undetermined |
| 15.83 | Inspired Senior Living of San Marcos ST, LLC | 100% | N/A | Undetermined |
| 15.84 | Inspired Senior Living of San Tan Development, LLC | 100% | N/A | Undetermined |
| 15.85 | Inspired Senior Living of St. Petersburg MT, LLC | 100% | N/A | Undetermined |
| 15.86 | Inspired Senior Living of St. Petersburg ST, LLC | 100% | N/A | Undetermined |
| 15.87 | Inspired Senior Living of Winery Lane Development, LLC | 17.31% | N/A | Undetermined |
| 15.88 | Inspired Senior Living, LLC | 100% | N/A | Undetermined |
| 15.89 | Lucas Construction Holdings, LLC | 100% | N/A | Undetermined |
| 15.90 | MSL Management, LLC | 100% | N/A | Undetermined |
| 15.91 | Nsite Development, LLC | 100% | N/A | Undetermined |
| 15.92 | San Tan Senior Living, LLC | 100% | N/A | Undetermined |
| 15.93 | Senior Housing Management Group, LLC | 100% | N/A | Undetermined |
| 15.94 | Senior Housing Marketing Agency, LLC | 100% | N/A | Undetermined |
| 15.95 | Volante HoldCo, LLC | 100% | N/A | Undetermined |
| 15.96 | Winery Lane Senior Living, LLC | 100% | N/A | Undetermined |
| 15.97 | ZOL Management, LLC | 100% | N/A | Undetermined |
| | | | **Total** | **Undetermined** |



**GN DEFENDANTS EXHIBIT 1**

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P10, Q60 - PATENTS, COPYRIGHTS, AND TRADEMARKS

| | Description | NBV ($) | Valuation Method | Current Value ($) |
|---|---|---|---|---|
| 60.1 | Trademark Application (#: x98056000) | Undetermined | N/A | Undetermined |
| 60.2 | Trademark Application (#: x98056074) | Undetermined | N/A | Undetermined |
| 60.3 | Trademark Application (#: x98104749) | Undetermined | N/A | Undetermined |
| | | | **Total** | **Undetermined** |



**GN DEFENDANTS EXHIBIT 1**

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P10, Q61 - INTERNET DOMAIN NAMES AND WEBSITES

| | Description | NBV ($) | Valuation Method | Current Value ($) |
|---|---|---|---|---|
| 61.1 | summitestatessl.net | Undetermined | N/A | Undetermined |
| 61.2 | ihcmigration.com | Undetermined | N/A | Undetermined |
| 61.3 | meissenonthewater.com | Undetermined | N/A | Undetermined |
| 61.4 | centuryoaksinc.com | Undetermined | N/A | Undetermined |
| 61.5 | crescentparksl.com | Undetermined | N/A | Undetermined |
| 61.6 | ihcdevelopment.com | Undetermined | N/A | Undetermined |
| 61.7 | inspiredcarehome.com | Undetermined | N/A | Undetermined |
| 61.8 | inspiredcarehomes.com | Undetermined | N/A | Undetermined |
| 61.9 | inspiredseniorlivingofhillsboro.com | Undetermined | N/A | Undetermined |
| 61.10 | tealshores.com | Undetermined | N/A | Undetermined |
| 61.11 | tealshoressl.com | Undetermined | N/A | Undetermined |
| 61.12 | summitestates-sl.com | Undetermined | N/A | Undetermined |
| 61.13 | summitestatessl.com | Undetermined | N/A | Undetermined |
| 61.14 | inspiredhealthcarehomes.com | Undetermined | N/A | Undetermined |
| 61.15 | volantehillsboro.com | Undetermined | N/A | Undetermined |
| 61.16 | volanteofhillsboro.com | Undetermined | N/A | Undetermined |
| 61.17 | volanteoftealshores.com | Undetermined | N/A | Undetermined |
| 61.18 | volantetealshores.com | Undetermined | N/A | Undetermined |
| 61.19 | envokeseniorliving.com | Undetermined | N/A | Undetermined |
| 61.20 | inspiredhealthcarepartners.com | Undetermined | N/A | Undetermined |
| 61.21 | baysidesl.com | Undetermined | N/A | Undetermined |
| 61.22 | ihcfund.com | Undetermined | N/A | Undetermined |
| 61.23 | ihcfunds.com | Undetermined | N/A | Undetermined |
| 61.24 | crescentparkassistedliving.com | Undetermined | N/A | Undetermined |
| 61.25 | crescentparkmemorycare.com | Undetermined | N/A | Undetermined |
| 61.26 | crescentparkretirementliving.com | Undetermined | N/A | Undetermined |
| 61.27 | crescentparkseniorliving.com | Undetermined | N/A | Undetermined |
| 61.28 | santanseniorliving.com | Undetermined | N/A | Undetermined |
| 61.29 | islhillsboro.com | Undetermined | N/A | Undetermined |
| 61.30 | summitestatesseniorliving.com | Undetermined | N/A | Undetermined |
| 61.31 | gardensah.com | Undetermined | N/A | Undetermined |
| 61.32 | dancingriversl.com | Undetermined | N/A | Undetermined |
| 61.33 | rollingriverssl.com | Undetermined | N/A | Undetermined |
| 61.34 | ihcadm.com | Undetermined | N/A | Undetermined |
| 61.35 | inspiredseniorlivinghomes.com | Undetermined | N/A | Undetermined |
| 61.36 | inspiredsl.com | Undetermined | N/A | Undetermined |
| 61.37 | sagespringassistedliving.com | Undetermined | N/A | Undetermined |
| 61.38 | sagespringbyvolante.com | Undetermined | N/A | Undetermined |
| 61.39 | sagespringmemorycare.com | Undetermined | N/A | Undetermined |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P10, Q61 - INTERNET DOMAIN NAMES AND WEBSITES

| | Description | NBV ($) | Valuation Method | Current Value ($) |
|---|---|---|---|---|
| 61.40 | sagespringsmemorycare.com | Undetermined | N/A | Undetermined |
| 61.41 | lakeviewsl.com | Undetermined | N/A | Undetermined |
| 61.42 | centuryoakssl.com | Undetermined | N/A | Undetermined |
| 61.43 | inspiredhealthcarecapital.com | Undetermined | N/A | Undetermined |
| 61.44 | baywoodsl.com | Undetermined | N/A | Undetermined |
| 61.45 | sagespringbyvolanteseniorliving.com | Undetermined | N/A | Undetermined |
| 61.46 | sagespringbyvsl.com | Undetermined | N/A | Undetermined |
| 61.47 | volantesagespring.com | Undetermined | N/A | Undetermined |
| | | | **Total** | **Undetermined** |

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P11, Q71 - NOTES RECEIVABLE

| | Description (Name of Obligor) | Face Amount ($) | Doubtful/Uncollectible ($) | Net Value ($) |
|---|---|---|---|---|
| 71.1 | Receivables - Loan from Emerson Equity (WSU Pullman) | 1,500,000.00 | 0.00 | 1,500,000.00 |
| | **Total** | **1,500,000.00** | **0.00** | **1,500,000.00** |



**GN DEFENDANTS EXHIBIT 1**

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P11, Q73 - INTERESTS IN INSURANCE POLICIES OR ANNUITIES

| | Description | Value ($) |
|---|---|---|
| 73.1 | Affiliated FM Insurance Co - Commercial Property Non- FL - (Policy #: x7041) | Undetermined |
| 73.2 | Ambridge Partners LLC - D&O - Side A DIC - (Policy #: x6859) | Undetermined |
| 73.3 | American Bankers Ins. Co. of FL - Flood (St. Pete) - (Policy #: x0135) | Undetermined |
| 73.4 | American Bankers Ins. Co. of FL - Flood - (Policy #: x4360) | Undetermined |
| 73.5 | American Bankers Ins. Co. of FL - Flood - (Policy #: x4386) | Undetermined |
| 73.6 | American Bankers Ins. Co. of FL - Flood - Dunedin - (Policy #: x9027) | Undetermined |
| 73.7 | American Bankers Ins. Co. of FL - Flood - Fort Myers - (Policy #: x5138) | Undetermined |
| 73.8 | American Bankers Ins. Co. of FL - Flood - Largo - (Policy #: x9043) | Undetermined |
| 73.9 | American Bankers Ins. Co. of FL - Flood (Delray- 5858) - (Policy #: x7096) | Undetermined |
| 73.10 | American Bankers Ins. Co. of FL - Flood (Delray- 5859) - (Policy #: x6924) | Undetermined |
| 73.11 | American Bankers Ins. Co. of FL - Flood (Delray- 5861) - (Policy #: x7104) | Undetermined |
| 73.12 | American Bankers Ins. Co. of FL - Flood (Melbourne) - (Policy #: x8987) | Undetermined |
| 73.13 | American International Group (National Union Fire Insurance) - D&O - Side A - (Policy #: xTBD) | Undetermined |
| 73.14 | American International Group - Workers Comp (Arlington Heights) - (Policy #: x7259) | Undetermined |
| 73.15 | American International Group - Workers Comp (Carson Valley) - (Policy #: x8620) | Undetermined |
| 73.16 | American International Group - Workers Comp (Chesterfield) - (Policy #: x7264) | Undetermined |
| 73.17 | American International Group - Workers Comp (Eugene) - (Policy #: x8957) | Undetermined |
| 73.18 | American International Group - Workers Comp (Grapevine) - (Policy #: x7274) | Undetermined |
| 73.19 | American International Group - Workers Comp (Hanover) - (Policy #: x8031) | Undetermined |
| 73.20 | American International Group - Workers Comp (Lake Orion) - (Policy #: x7264) | Undetermined |
| 73.21 | American International Group - Workers Comp (Las Vegas) - (Policy #: x8606) | Undetermined |
| 73.22 | American International Group - Workers Comp (Reno) - (Policy #: x8621) | Undetermined |
| 73.23 | American International Group - Workers Comp (Round Rock & Sage Springs) - (Policy #: x7274) | Undetermined |
| 73.24 | Arch Insurance Company - D&O - Side A - (Policy #: xTBD) | Undetermined |
| 73.25 | Arch Specialty Ins. Co. (Coalition) - Cyber - (Policy #: x2024) | Undetermined |
| 73.26 | AXA XL Insurance Company - D&O - Side A DIC - (Policy #: x1025) | Undetermined |
| 73.27 | Axis Surplus Insurance Company - Property - ALL FL - (Policy #: x8201) | Undetermined |
| 73.28 | Beazley Furlonge Limited - Property - ALL FL - (Policy #: x0301) | Undetermined |
| 73.29 | Berkshire Hathaway Specialty Insurance - D&O - Side A DIC - (Policy #: x4601) | Undetermined |
| 73.30 | Capitol Specialty Insurance Corporation - 3rd Excess D&O - (Policy #: x0604) | Undetermined |
| 73.31 | Cincinnati Ins. Co. - Equipment Breakdown - ALL FL - (Policy #: x6679) | Undetermined |
| 73.32 | Eirion Risk Underwriters - Property - ALL FL - (Policy #: x2001) | Undetermined |
| 73.33 | Endurance American Ins. Co. - 1st Excess D&O - (Policy #: x3901) | Undetermined |
| 73.34 | Evanston Insurance Company - Excess Liability - (Policy #: x5084) | Undetermined |
| 73.35 | Evanston Insurance Company - General Liability - (Policy #: x7251) | Undetermined |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P11, Q73 - INTERESTS IN INSURANCE POLICIES OR ANNUITIES

| | Description | Value ($) |
|---|---|---|
| 73.36 | Everest Indemnity Ins. Co. - GLPL (All Locations) - (Policy #: x1251) | Undetermined |
| 73.37 | Everest National Ins. Co. - D&O - Side A DIC - (Policy #: x3251) | Undetermined |
| 73.38 | Federal Ins. Co. - EPL/ Fiduciary - (Policy #: x1410) | Undetermined |
| 73.39 | Great American Insurance - Crime - (Policy #: x0100) | Undetermined |
| 73.40 | Hadron Specialty Ins. Co. - Excess Vacant Property - (Policy #: x8700) | Undetermined |
| 73.41 | Hudson Insurance Co. - 2nd Excess D&O - (Policy #: x2024) | Undetermined |
| 73.42 | JEM Insurance Services - Property - ALL FL - (Policy #: x1146) | Undetermined |
| 73.43 | Lexington Insurance Company - Primary Vacant Property - (Policy #: x3200) | Undetermined |
| 73.44 | Lexington Insurance Company - Property - ALL FL - (Policy #: x4210) | Undetermined |
| 73.45 | Lloyd's of London (Underwriters at Lloyd's of London) - Property - ALL FL - (Policy #: x0486) | Undetermined |
| 73.46 | Lloyds of London - Property (North Haven & Dartmouth) Wind Deductible Buy Down - (Policy #: x2001) | Undetermined |
| 73.47 | Lloyds of London - Property (TX Locations: Grapevine, Round Rock, San Marcos, New Braunfels) Wind & Hail Ded Buy Down - (Policy #: x0481) | Undetermined |
| 73.48 | Mt. Hawley Insurance Company - Pollution - FL Storage Tanks - (Policy #: x1401) | Undetermined |
| 73.49 | Professional Solutions Insurance Company - E&O/D&O - (Policy #: xA242) | Undetermined |
| 73.50 | Progressive Companies - Auto - Alabama - (Policy #: x6967) | Undetermined |
| 73.51 | Progressive Companies - Auto - Connecticut - (Policy #: x3056) | Undetermined |
| 73.52 | Progressive Companies - Auto - Delray Beach, FL - (Policy #: x3628) | Undetermined |
| 73.53 | Progressive Companies - Auto - Dunedin, FL - (Policy #: x1043) | Undetermined |
| 73.54 | Progressive Companies - Auto - Fort Myers, FL - (Policy #: x4375) | Undetermined |
| 73.55 | Progressive Companies - Auto - Georgia - (Policy #: x6164) | Undetermined |
| 73.56 | Progressive Companies - Auto - Illinois - (Policy #: x9529) | Undetermined |
| 73.57 | Progressive Companies - Auto - Largo, FL - (Policy #: x1923) | Undetermined |
| 73.58 | Progressive Companies - Auto - Maryland - (Policy #: x6277) | Undetermined |
| 73.59 | Progressive Companies - Auto - Massachusetts - (Policy #: x8231) | Undetermined |
| 73.60 | Progressive Companies - Auto - Melbourne, FL - (Policy #: x3176) | Undetermined |
| 73.61 | Progressive Companies - Auto - Nevada - (Policy #: x5089) | Undetermined |
| 73.62 | Progressive Companies - Auto - New Jersey - (Policy #: x8153) | Undetermined |
| 73.63 | Progressive Companies - Auto - Oregon - (Policy #: x9900) | Undetermined |
| 73.64 | Progressive Companies - Auto - Pinellas Park - (Policy #: x2230) | Undetermined |
| 73.65 | Progressive Companies - Auto - Texas - (Policy #: x2674) | Undetermined |
| 73.66 | Progressive Companies - Auto - Wisconsin - (Policy #: x9734) | Undetermined |
| 73.67 | QBE Insurance Corporation - D&O - Side A DIC - (Policy #: x6524) | Undetermined |
| 73.68 | Richmond National Ins. Co. - Excess Vacant Property Limit $3,960,858 - (Policy #: x2841) | Undetermined |
| 73.69 | RLI Underwriting Services - Property - ALL FL - (Policy #: x8770) | Undetermined |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P11, Q73 - INTERESTS IN INSURANCE POLICIES OR ANNUITIES

| | **Description** | **Value ($)** |
|---|---|---|
| 73.70 | RSUI(XS) - Property - ALL FL<br>- (Policy #: x9967) | Undetermined |
| 73.71 | Scottsdale Indemnity Co. - Excess Liability - (Policy #: x1AHL) | Undetermined |
| 73.72 | Scottsdale Indemnity Co. - Excess Liability - (Policy #: x0017) | Undetermined |
| 73.73 | Scottsdale Indemnity Co. - Primary Tail Liability - (Policy #: x0018) | Undetermined |
| 73.74 | The Cincinnati Insurance Companies - BOP - (Policy #: x8940) | Undetermined |
| 73.75 | Travelers Excess & Surplus - Cyber - (Policy #: x5901) | Undetermined |
| 73.76 | Trium Insurance - Property - ALL FL<br>- (Policy #: xDQ91) | Undetermined |
| 73.77 | Voyager Indemnity Insurance Company - Flood - Grapevine, TX - (Policy #: x0001) | Undetermined |
| 73.78 | Voyager Indemnity Insurance Company - Flood - Pinellas Park - (Policy #: x2601) | Undetermined |
| 73.79 | Wesco Insurance - Workers Comp<br>(Main) - (Policy #: x8941) | Undetermined |
| | **Total** | **Undetermined** |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT A/B P11, Q75 - OTHER CONTINGENT AND UNLIQUIDATED CLAIMS

| | Nature of Claim | Amount Requested ($) | Value ($) |
|---|---|---|---|
| 75.1 | Insurance proceeds contingent claim | Undetermined | Undetermined |
| | | **Total** | **Undetermined** |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC    Case No. 26-90004

# EXHIBIT A/B P11, Q77 - OTHER PROPERTY

| | Description | Value ($) |
|---|---|---|
| 77.1 | Intercompany Receivable Due From - Inspired Healthcare Capital Fund Services, LLC | 480.00 |
| 77.2 | Intercompany Receivable Due From - Inspired Senior Living of Creswell Development, LLC | 4,833,651.76 |
| 77.3 | Intercompany Receivable Due From - Inspired Senior Living of Winery Lane Development, LLC | 2,933,439.76 |
| 77.4 | Intercompany Receivable Due From - Non-debtor affiliate (Realty Cap) | 1,044,821.28 |
| 77.5 | Other Receivable | 698,504.71 |
| | **Total** | **9,510,897.51** |



**GN DEFENDANTS EXHIBIT 1**

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT D P1 - SECURED CREDITORS

| | Creditor's Name, Address, Email | Property Subject to Lien | Describe Lien | Date | Last 4 | Multi Cred | Insider | Codebtor | C/U/D | Claim Amt ($) | Collateral ($) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Comerica Bank<br>3551 W. Hamlin Rd, Auburn Hills, MI, 48326<br>mjleveille@comerica.com | Real Property - 5859 Heritage Park Way, Delray Beach, FL, 33484 | Mortgage | 4/12/2023 | | No | No | Yes | | 24,740,519.00 | Undetermined |
| 2.2 | HPI Fairmount Lender<br>8333 Douglas Ave, Suite 200, Dallas, TX, 75225<br>acampbell@hpitx.com | Real Property - 3735 Ira Woods Avenue, Grapevine, TX, 76051 | Mortgage | 12/14/2022 | | No | No | Yes | | 13,208,100.00 | Undetermined |
| 2.3 | I.B.I. Volcano Investments, LLC<br>SHALOM TOWER, 21ST FLOOR, 9 AHAD, HAAM STREET, TEL AVIV, TA, 65251, ISRAEL | Property | UCC Lien - New Braunfels Depositor | | | No | No | No | U/D | Undetermined | Undetermined |
| 2.4 | I.B.I. Volcano Investments, LLC<br>SHALOM TOWER, 21ST FLOOR, 9 AHAD, HAAM STREET, TEL AVIV, TA, 65251, ISRAEL | Property | UCC Lien - Eatonton Depositor | | | No | No | No | U/D | Undetermined | Undetermined |
| 2.5 | I.B.I. Volcano Investments, LLC<br>SHALOM TOWER, 21ST FLOOR, 9 AHAD, HAAM STREET, TEL AVIV, TA, 65251, ISRAEL | Property | UCC Lien - Cinnaminson Depositor | | | No | No | No | U/D | Undetermined | Undetermined |
| 2.6 | I.B.I. Volcano Investments, LLC (via IHC, LLC)<br>SHALOM TOWER, 21ST FLOOR, 9 AHAD, HAAM STREET, TEL AVIV, TA, 65251, ISRAEL | Property | UCC Lien - Eugene Depositor | | | No | No | No | U/D | Undetermined | Undetermined |
| 2.7 | I.B.I. Volcano Investments, LLC (via IHC, LLC)<br>SHALOM TOWER, 21ST FLOOR, 9 AHAD, HAAM STREET, TEL AVIV, TA, 65251, ISRAEL | Property | UCC Lien - St. Petersburg Depositor | | | No | No | No | U/D | Undetermined | Undetermined |



**GN DEFENDANTS EXHIBIT 1**

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT D P1 - SECURED CREDITORS

| | Creditor's Name, Address, Email | Property Subject to Lien | Describe Lien | Date | Last 4 | Multi Cred | Insider | Codebtor | C/U/D | Claim Amt ($) | Collateral ($) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.8 | I.B.I. Volcano Investments, LLC (via IHC, LLC) SHALOM TOWER, 21ST FLOOR, 9 AHAD, HAAM STREET, TEL AVIV, TA, 65251, ISRAEL | Property | UCC Lien - North Haven Depositor | | | No | No | No | U/D | Undetermined | Undetermined |
| 2.9 | I.B.I. Volcano Investments, LLC (via IHC, LLC) SHALOM TOWER, 21ST FLOOR, 9 AHAD, HAAM STREET, TEL AVIV, TA, 65251, ISRAEL | Property | UCC Lien - San Marcos Depositor | | | No | No | No | U/D | Undetermined | Undetermined |
| 2.10 | Integrity Life Insurance Company 400 Broadway, Cincinnati, OH, 45202 | Real Property - 313 Furys Fery Road, Martinez, GA, 30907 | Mortgage | 11/15/2022 | | No | No | Yes | | 16,885,000.00 | Undetermined |
| 2.11 | IPFS Corporation 49 Stevenson Street, Suite 1275, San Francisco, CA, 94105 | First priority lien on and security interest in any insurance proceeds | Premium Financing Agreement | 4/11/2025 | | No | No | No | U | Undetermined | Undetermined |
| 2.12 | IPFS Corporation 49 Stevenson Street, Suite 1275, San Francisco, CA, 94105 | First priority lien on and security interest in any insurance proceeds | Premium Financing Agreement | 8/14/2025 | | No | No | No | U | Undetermined | Undetermined |
| 2.13 | Provident Bank 250 Oak Ridge Rd, Oak Ridge, NJ, 07438 | Real Property 2560 Kuser Road, Hamilton Township, NJ, 08691 | Mortgage | 6/15/2022 | | No | No | Yes | | 55,931,978.00 | Undetermined |
| 2.14 | Provident Bank 250 Oak Ridge Rd, Oak Ridge, NJ, 07438 | Real Property - 201 Clintonville Road, North Haven, CT, 06473 | Mortgage | 9/1/2023 | | No | No | Yes | | 20,275,419.00 | Undetermined |
| 2.15 | Provident Bank 250 Oak Ridge Rd, Oak Ridge, NJ, 07438 | Real Property - 880 Patricia Avenue, Dunedin, FL, 34698 | Mortgage | 9/14/2022 | | No | No | Yes | | 15,202,537.00 | Undetermined |
| 2.16 | Stride Bank 8811 S. Yale Avenue, Suite 100, Tulsa, OK, 74137 | Real Property - 3501 Hancock Bridge Parkway, North Fort Myers, FL, 33903 | Mortgage | 10/25/2022 | | No | No | Yes | | 11,041,344.00 | Undetermined |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT D P1 - SECURED CREDITORS

| | Creditor's Name, Address, Email | Property Subject to Lien | Describe Lien | Date | Last 4 | Multi Cred | Insider | Codebtor | C/U/D | Claim Amt ($) | Collateral ($) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.17 | Synovus Bank<br>800 Shades Creek Parkway, Suite 325, Birmingham, AL, 35209<br>shhlnotices@synovus.com | Real Property - 222 East Patriot Boulevard, Reno, NV, 89511 | Mortgage | 3/17/2022 | | No | No | Yes | | 20,827,719.00 | Undetermined |
| 2.18 | Synovus Bank<br>800 Shades Creek Parkway, Suite 325, Birmingham, AL, 35209<br>shhlnotices@synovus.com | Real Property - 3523 Buford Highway Northeast, Atlanta, GA, 30329 | Mortgage | 9/30/2021 | | No | No | Yes | | 17,940,983.00 | Undetermined |
| 2.19 | Synovus Bank<br>800 Shades Creek Parkway, Suite 325, Birmingham, AL, 35209<br>shhlnotices@synovus.com | Real Property - 964 South Harbor City Boulevard, Melbourne, FL, 32901 | Mortgage | 10/27/2022 | | No | No | Yes | | 14,295,003.00 | Undetermined |
| 2.20 | UMB Bank<br>1800 Larimer Street, 2nd Floor, Denver, CO, 80202 | Real Property - 2951 Coburg Road, Eugene, OR, 97408 | Mortgage | 4/14/2023 | | No | No | Yes | | 14,324,054.00 | Undetermined |
| 2.21 | Union Bank<br>2720 South 177th Street, Omaha, NE, 68154 | Real Property | Construction Mortgage | 11/1/2021 | | No | No | Yes | | 6,551,110.00 | Undetermined |
| 2.22 | Webster Bank<br>61 S. Paramus Road, Suite 116, Paramus, NJ, 07652 | Real Property - 3600 34th Street South, St. Petersburg, FL, 33712 | Mortgage | 6/1/2023 | | No | No | Yes | | 11,963,282.06 | Undetermined |
| 2.23 | Western Alliance Bank<br>1110 E Baseline Rd, Mesa, AZ, 85204 | Real Property - 11441 Allerton Park Drive, #206, Las Vegas, NV 89135 | Mortgage | 3/26/2024 | | No | No | Yes | | 340,000.00 | Undetermined |
| | | | | | | | | | **Total Claims** | **243,527,048.06 + Undetermined** | |



**GN DEFENDANTS EXHIBIT 1**

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT E P1 - UNSECURED PRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Priority Code | Basis for Claim | Offset | C/U/D | Total Claim ($) | Priority Amt ($) |
|---|---|---|---|---|---|---|---|---|---|
| 2.1 | CLARK COUNTY TREASURER<br>ATTN: CLARK COUNTY GOVERNMENT CENTER, 500 S GRAND CENTRAL PKWY, LAS VEGAS, NV, 89106 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| 2.2 | COLUMBIA COUNTY TAX COMMISSIONER<br>135 NE HERNANDO AVE, SUITE 125, LAKE CITY, FL, 32055 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| 2.3 | Dept of Labor and Industry<br>443 LAFAYETTE ROAD, ST. PAUL, MN, 55155 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| 2.4 | DOUGLAS COUNTY, OREGON<br>PO BOX 8403, MEDFORD, OR, 97501-0803 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| 2.5 | GILA COUNTY TREASURER<br>ATTN: GILA COUNTY CLERK OF THE COURT, 1400 E ASH ST, GLOBE, AZ, 85501 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| 2.6 | Hennepin County Department of Environment and Energy<br>701 4TH AVE S, MINNEAPOLIS, MN, 55415 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| 2.7 | HENNEPIN COUNTY TREASURER<br>300 SOUTH 6TH ST. A-600, MINNEAPOLIS, MN, 55487 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| 2.8 | LANE COUNTY TAX TREASURER<br>Lane County Finance, 125 East 8th Ave., Eugene, OR, 97401 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| 2.9 | Minnesota Department of Health<br>ORVILLE L FREEMAN BLDG, 625 ROBERT ST N, ST PAUL, MN, 55155 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| 2.10 | PINAL COUNTY<br>31 N PINAL ST E, FLORENCE, AZ, 85132 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| 2.11 | Washington County Oregon Department of Assessment & Taxation<br>Charles D. Cameron Public Services Building, 155 N First Avenue, Suite 130, Hillsboro, OR, 97124 | | | 8 | Taxes | No | C/U | Undetermined | Undetermined |
| | | | | | | | | **Undetermined** | **Undetermined** |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT F P2 - UNSECURED NONPRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Basis for Claim | C/U/D | Amt Claim ($) |
|---|---|---|---|---|---|---|
| 3.1 | Ballard Spahr LLP<br>P.O. Box 825470, Philadelphia, PA, 19182-5470 | | | Trade Payables | | 85,685.82 |
| 3.2 | Bild & Company<br>PO Box 850001 - Dept #851, Dynamic Performance International Inc., Orlando, FL, 32885-0851 | | | Trade Payables | | 2,400.00 |
| 3.3 | Emerson Equity Bridge Fund I<br>2211 MICHELSON DR, IRVINE, CA, 92612 | | | Balloon Promissory Note | | 1,791,393.44 |
| 3.4 | Emerson Equity Bridge Fund I, LLC<br>C/O Brown Rudnick, LLP, 2211 Michelson Drive, Seventh Floor, Irvine, CA, 92612 | | | Litigation | C/U/D | Undetermined |
| 3.5 | Helios Consulting Inc.<br>16326 Glen Alder CT, La Mirada, CA, 90638 | | | Trade Payables | | 6,900.00 |
| 3.6 | IHC – Candle Light Cove DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ, 85254 | | | Intercompany Payable | | 16,882.00 |
| 3.7 | IHC Development Fund III, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ, 85254 | | | Intercompany Payable - Interest | | 441.30 |
| 3.8 | IHC Development Fund IV, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ, 85254 | | | Intercompany Payable - Interest | | 344.31 |
| 3.9 | Inspired Healthcare Capital Liquidity Fund, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ, 85254 | | | Intercompany Payable - Interest | | 441.12 |
| 3.10 | Inspired Healthcare Capital, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ, 85254 | | | Intercompany Payable | | 140,023,602.67 |
| 3.11 | Inspired Senior Living of Winery Lane Development, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ, 85254 | | | Intercompany Payable | | 334,887.98 |
| 3.12 | Integrity Life Insurance Company<br>400 BROADWAY, CINCINNATI, OH, 45202 | | | Litigation | C/U/D | Undetermined |
| 3.13 | J's Lawn Care<br>2469 Silver Bluff, Aiken, SC, 29803 | | | Trade Payables | | 450.00 |
| 3.14 | Leisure Care, LLC<br>ATTN: DAN MADSEN, 999 3RD AVENUE, SUITE 4550, SEATTLE, WA, 98104 | | | Trade Payables | | 0.01 |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC

Case No. 26-90004

# EXHIBIT F P2 - UNSECURED NONPRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Basis for Claim | C/U/D | Amt Claim ($) |
|---|---|---|---|---|---|---|
| 3.15 | RSM US LLP<br>2375 E. Camelback Rd, Suite 300, Phoenix, AZ, 85016 | | | Trade Payables | | 11,056.50 |
| 3.16 | Ryan LLC<br>PO Box 848351, Dallas, TX, 75284-8351 | | | Trade Payables | | 843.64 |
| 3.17 | Sorensen Entity Services LLC<br>16290 Katy Fwy, Suite 250, Wilmington, DE, 19801 | | | Trade Payables | | 374.00 |
| 3.18 | Synovus Bank<br>Melissa Campbell,Baker, Donelson, Bearman, Caldwell & Berkowitz PC, 200 South Orange Avenue, Suite 2050, Orlando, FL, 32801 | | | Litigation | C/U/D | Undetermined |
| | | | | | **Total** | **142,275,702.79 + Undetermined** |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT G - EXECUTORY CONTRACTS

| | Counterparty Name and Address | Contract Description | Term Remaining | Govt # |
|---|---|---|---|---|
| 2.1 | Docusign, Inc.<br>221 Main Street, Suite 1550, San Francisco, CA, 94105 | Quote #01541762 for Docusign Intelligent Agreement Management | | |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT H - CODEBTORS

| | Codebtor Name and Address | Creditor Name | Schedule |
|---|---|---|---|
| 2.1 | Hunan 1, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Western Alliance | D |
| 2.2 | IHC - Hanover Propco, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Union Bank | D |
| 2.3 | Inspired Senior Living of Augusta DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Integrity Life Insurance | D |
| 2.4 | Inspired Senior Living of Augusta ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Integrity Life Insurance | D |
| 2.5 | Inspired Senior Living of Brookhaven DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Synovus Bank | D |
| 2.6 | Inspired Senior Living of Brookhaven ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Synovus Bank | D |
| 2.7 | Inspired Senior Living of Delray Beach DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Comerica Bank | D |
| 2.8 | Inspired Senior Living of Delray Beach ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Comerica Bank | D |
| 2.9 | Inspired Senior Living of Dunedin DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Provident Bank | D |
| 2.10 | Inspired Senior Living of Dunedin ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Provident Bank | D |
| 2.11 | Inspired Senior Living of Eugene DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | UMB Bank | D |
| 2.12 | Inspired Senior Living of Eugene ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | UMB Bank | D |
| 2.13 | Inspired Senior Living of Fort Myers DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Stride Bank | D |
| 2.14 | Inspired Senior Living of Fort Myers ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Stride Bank | D |
| 2.15 | Inspired Senior Living of Grapevine DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | HPI Fairmount Lender | D |
| 2.16 | Inspired Senior Living of Grapevine MT, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | HPI Fairmount Lender | D |
| 2.17 | Inspired Senior Living of Grapevine ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | HPI Fairmount Lender | D |
| 2.18 | Inspired Senior Living of Hamilton DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Provident Bank | D |
| 2.19 | Inspired Senior Living of Hamilton ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Provident Bank | D |
| 2.20 | Inspired Senior Living of Melbourne DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Synovus Bank | D |
| 2.21 | Inspired Senior Living of Melbourne ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Synovus Bank | D |



GN DEFENDANTS EXHIBIT 1

Debtor: Inspired Healthcare Capital Holdings, LLC Case No. 26-90004

# EXHIBIT H - CODEBTORS

| | Codebtor Name and Address | Creditor Name | Schedule |
|---|---|---|---|
| 2.22 | Inspired Senior Living of North Haven DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Provident Bank | D |
| 2.23 | Inspired Senior Living of North Haven ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Provident Bank | D |
| 2.24 | Inspired Senior Living of Reno DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Synovus Bank | D |
| 2.25 | Inspired Senior Living of Reno ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Synovus Bank | D |
| 2.26 | Inspired Senior Living of St. Petersburg DST<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Webster Bank | D |
| 2.27 | Inspired Senior Living of St. Petersburg ST, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Webster Bank | D |
| 2.28 | ZOL Management, LLC<br>7033 E Greenway Parkway, Suite 250, Scottsdale, AZ 85254 | Western Alliance | D |



GN DEFENDANTS EXHIBIT 1